UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEYON SINGLETON                          CIVIL ACTION

VERSUS                                   NUMBER: 06-3761

N. BURL CAIN, WARDEN,                    SECTION: "B"(5)
LOUISIANA STATE PENITENTIARY

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Keyon Singleton, the State's response thereto, and petitioner's traverse to the State's response.  (Rec. docs. 1, 7, 9).  Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Singleton's petition be dismissed with prejudice.

Petitioner Singleton is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On March 11, 1998, Singleton was found guilty of first

degree murder after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana.  Pursuant to the jury's recommendation, on April 2, 1998 Singleton was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence.  Singleton's conviction and sentence were affirmed by the Louisiana Fourth Circuit Court of Appeal on March 15, 2000.  State v. Singleton, 761 So.2d 827 (La. App. 4th Cir. 2000(table).  Writs were denied by the Louisiana Supreme Court on April 20, 2001.  State v. Singleton, 790 So.2d 13 (La. 2001).  Singleton's conviction became final ninety days later, or July 20, 2001, when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made.  See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); cert. denied, 529 U.S. 1099, 120 S.Ct. 1834 (2000)(citing 28 U.S.C. §2244(d)(1)(A)).

Thereafter, Singleton took no action with respect to his conviction until April 17, 2002, some two hundred seventy days later, when he signed and dated a pro se post-conviction relief application ("PCRA") that was ultimately denied by the trial court on May 21, 2003. (St. Ct. rec., vol. 6 of 7).  Through counsel, Singleton then appealed the trial court's unfavorable ruling to the Louisiana Fourth Circuit which affirmed same in an unpublished

opinion on August 27, 2003.  State v. Singleton, No. 2003-K-0977
(La. App. 4th Cir. Aug. 27, 2003)(unpublished opinion).  Singleton
did not seek further review of that affirmance by the Louisiana
Supreme Court.  Instead, on June 19, 2004, some two hundred ninety-
six days later, Singleton, again through counsel, filed a second
PCRA in the trial court.  That PCRA was denied on October 29, 2004
and Singleton's subsequent writ application to the Louisiana Fourth
Circuit was denied on December 22, 2004.  (St. ct. rec., vol. 7 of
7).  State v. Singleton, No. 2004-K-2073 (La. App. 4th Cir. Dec. 22,
2004)(unpublished opinion).  Once again, Singleton did not seek
review of the Louisiana Fourth Circuit's decision by the Louisiana
Supreme Court.  On July 6, 2006, five hundred sixty days after the
Louisiana Fourth Circuit's decision was handed down, Singleton
signed and dated his federal habeas petition.  (Rec. doc. 1, p. 7).

   Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism
and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-
132, 110 Stat. 1214 (1996) (effective April 24, 1996), state
prisoners like Singleton now have one year from the date that their
convictions become final to timely seek federal habeas corpus
relief.  Section 2244(d)(2) further provides that the time during
which a prisoner has a properly filed application for post-
conviction relief or other collateral review pending before the
state courts is not counted against the one-year limitation period.

Although the State has done so in this case, the one-year time bar
may be raised by the Court sua sponte.  Kiser v. Johnson, 163 F.3d
326, 328-29 (5th Cir. 1999).

     As noted above, Singleton's conviction became final on July
20, 2001 when the delays for seeking a writ of certiorari from the
U.S. Supreme Court expired following the affirmance of his
conviction by the Louisiana Supreme Court.  At that point, the one-
year limitation period set forth in §2244(d) began to run and was
tolled two hundred seventy days later when Singleton signed his
first PCRA.  That matter and the appeal from it remained pending
before the state courts until August 27, 2003.  When the delays for
seeking writs from the Louisiana Supreme Court expired thirty days
later, the §2244 limitation period commenced running again and had
long since expired when Singleton's second PCRA was filed on June
19, 2004.  That second PCRA and the appeal from it remained pending
before the state courts until December 22, 2004.  When the
deadlines for seeking writs from the Louisiana Supreme Court
expired thirty days later, the limitation period once again
commenced running and another five hundred thirty days expired
before Singleton signed his federal habeas petition on July 6,
2006.  When one cumulates the three periods of untolled time noted
above (i.e., 270 + 266 + 530 = 1066 days), it is obvious that
Singleton's petition was filed too late.  As such, the Court is

4

unable to consider Singleton's petition unless the §2244(d) limitation period was tolled in some fashion.

In his traverse to the State's response, Singleton concedes that his habeas petition was not timely filed. However, he argues that the limitation period should be equitably tolled because he has had to rely on the assistance of fellow inmates, because he was unaware of the §2244(d) time bar, and because he has at all times diligently pursued habeas corpus relief. (Rec. doc. 9). For the reasons that follow, the Court believes that petitioner's plea for equitable tolling rings hollow.

The doctrine of equitable tolling is available only in rare and exceptional circumstances and "... applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his legal right." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564 (2000)(internal quotation marks omitted). See also Felder v. Johnson, 204 F.3d 168, 171-173 (5th Cir.), cert. denied, 531 U.S. 1035, 121 S.Ct. 622 (2000).

Turning to the specific justifications offered by Singleton, neither a petitioner's pro se status nor his ignorance of the AEDPA constitute exceptional circumstances justifying the application of equitable tolling. Felder, 204 F.3d at 171. Nor does a

petitioner's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merit invocation of the doctrine. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007, 120 S.Ct. 504 (1999)(citing Barrow v. New Orleans S.S. Ass'n., 932 F.2d 473, 478 (5th Cir. 1991))). In fact, on the latter point the Court notes that Singleton was represented by retained counsel in his second PCRA to the trial court as well as in his two most recent writ applications to the Louisiana Fourth Circuit Court of Appeal. After the second of those writ applications was denied on December 22, 2004, it took Singleton until July 6, 2006, five hundred sixty days later, before he signed his pro se habeas petition. Contrary to his present representations, Singleton thus failed to diligently pursue §2254 relief. Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001); Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), cert. denied, 532 U.S. 963, 121 S.Ct. 1498 (2001); Coleman, 184 F.3d at 403. Singleton has not carried his burden of proof demonstrating his entitlement to equitable tolling. Phillips v. Donnelly, 223 F.3d 797 (5th Cir. 2000).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Keyon Singleton be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this <u>26th</u> day of September, 2007.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE